## H. PLUMMER *v.* J. D. WEST.

1. ATTACHMENT : JUSTICE OF THE PEACE : LEVY ON REAL ESTATE.—An attachment, issued by and returnable before a justice of the peace, cannot be levied on real estate.

ERROR to Circuit Court of Rankin county. Hon. Jno. Watts, judge.

*Cooper & Smith* for plaintiff in error.

*Harper & Shelley* for defendant in error.

ELLETT, J., delivered the opinion of the court.

The only question in this case is whether an attachment issued by, and returnable before a justice of the peace, for a sum not exceeding fifty dollars, can be levied on real estate ?

Art. 20 of the act relating to justices of the peace, Rev. Code, 408, provides that "all judgments rendered, and all executions issued, by any justice of the peace, shall bind all the goods and chattels of the defendant within the county where rendered, from the date of said judgment, and also all the goods and chattels of his sureties from the time of their entering themselves as such, until the same shall be satisfied, and shall be of equal dignity with judgments obtained in, or executions issued from a circuit court ; *provided,* that lands, tenements, and hereditaments shall in no case be liable to any execution issued by a justice of the peace, &c."

Art. 41 of the attachment law, Rev. Code, 382, enacts that "justices of the peace shall have cognizance of attachments, in all cases where the amount in controversy shall be within their jurisdiction, and all the provisions of this act are declared to extend to suits instituted by attachment before justices of the peace, so far as they may be applicable, and the like proceedings shall be had therein as in similar suits in the circuit courts."

The solution of the question depends upon the construction to be given to these two articles. The former provision, we think, was designed to limit the extent of the jurisdiction of justices of the peace in all cases, and that its effect is to confine the operation of all judgments rendered, and executions issued, by them, to the "goods and chattels" of the defendant, and to remove real estate wholly beyond their reach. Standing alone, surely no other interpretation could be given to it.

The latter article does not expressly extend the provisions of the attachment law respecting the levy upon land, and the sale of it under the judgment, to cases within the jurisdiction of

justices of the peace, but it merely extends the provisions of the act to suits instituted by attachment before justices of the peace, "so far as they may be applicable." These latter words necessarily refer to the general provisions of law regulating the power and jurisdiction of justices of the peace in other cases, and are controlled by them. The provisions of the attachment law are "applicable" to suits commenced before justices of the peace only so far as they come within the limits of the ordinary jurisdiction of these officers. As that jurisdiction does not extend to subject real estate to its process, therefore the clauses of the attachment law that regulate the seizure and disposition of real estate are not applicable to such proceedings when brought before a justice of the peace.

This construction renders the two articles consistent with each other, and does not create the anomaly of a jurisdiction over real estate depending for its existence upon the form of the writ by which the suit is commenced. As the decision of the Circuit Court was in harmony with these views, it will be affirmed.